### No. 303

SUNSHINE v. BECKENBACH CO. et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5326. Decided Dec. 15, 1924.

465. ERROR—Reversible error, when jury in course of deliberation requests further instructions and court complies, charging jury, as to the law of the case when counsel not present, not having been notified.

2. Court cannot substitute stenographer, and have him take notice and enter his presence, and exception, in place of the attorneys.

147. BILLS AND NOTES—Consideration for need not move from payee, and he may maintain suit upon it.

VICKERY, P. J.

The Armand Drug and Candy Co. bought out the stock of the H. B. Drug Co. for the agreed price of $125,000. The H. B. Company agreed to accept $50,000 down, and $75,000 was guaranteed by David Sunshine as endorser on the note. Several payments were thereafter made by the Armand Co., and soon after it went into bankruptcy. The Beckenbach Co. and the H. B. Drug Co were two family corporations, composed of exactly the same stockholders and the same officers and directors. The Beckenbach Co. brought the original action as payee in the Cuyahoga Common Pleas and sought to recover from the Armand Co. as maker of the note and Sunshine as endorser in the sum of $55,571.33. The Armand Co. made no defense and judgment was taken against them by default.

Error was prosecuted by Sunshine who claimed that the consideration did not move from the Beckenbach Co. to him, and the defense of no consideration could be raised, because he was an accommodation endorser. He claimed that consideration did not move from the Beckenbach Co. and it could not therefore bring suit on the note. He also claimed that the court erred in further instructing the jury on the law of the case submitted when counsel were not present.

The Court of Appeals held:

1. The consideration does not have to move from the party who gets the benefit of the contract, if there is a consideration moving from any person.

2. The H. B. Drug Co could make the note payable to whomever it pleased and the payee to the writing being one party to the written contract could maintain a suit upon it.

3. The fact that the court did not notify the lawyers in the case, when he gave additional instructions to jury, is ground for reversing the judgment in the trial court.

4. The fact that the trial judge had the stenographer in the case act for both parties, and be notified, and put in the Bill of Exceptions, that exceptions to the charge was

## STATE COURT OF APPEALS—Continued

made and saved in his presence, is bad practice and will not be tolerated.

Judgment reversed and case remanded for a new trial.

Attorneys—Mooney, Hahn, Loeser, Keough for Sunshine; P. J. Mulligan and Fred E. Bruml for Beckenbach Co.; all of Cleveland.